The opinion of the court was delivered by
McEnery, J.
Patrick Farrelly died May 26, 1894. In his will he named and appointed his son, Peter Joseph Farrelly, tutor to his minor children. The surviving widow acquiesced in this dative tutorship, and joined with the son in praying for his confirmation as tutor. On September 14, 1894, the inventory taken in the succession of the deceased was filed, and the usual order was issued, confirming the appointment of Peter Joseph Farrelly as tuto-, upon his giving bond and complying with all the requirements of the law. No letters of tutorship were issued to him, and he did not qualify by taking the oath and giving bond during the life of Widow Farrelly. On May 8, 1895, the widow died, leaving a will in which she appointed Bernard J. Reilly testamentary tutor to the minors. Her will was admitted to probate, and ordered executed. Reilly was also made executor without bond. On May 14, 1895, Peter J. Farrelly, by virtue of his petition to be appointed and confirmed as tutor, and the order issued thereon September 14, 1894, took the oath as tutor and received the letters of tutorship.
After his appointment as stated, Peter J. Farrelly, claiming to be the legal tutor, brought this suit against the tutor appointed by the Widow Farrelly, demanding the surrender of the estate of the Widow Farrelly to him as the tutor of the minors, and also to obtain possession of the minor children. This petition was answered by the *1669 tutor, who had not yet qualified, appointed under the widow’s will, and all the averments of the plaintiff denied. The issue as to which person the tutorship belongs was thus presented by Peter J. Farrelly and accepted by the defendant.
We recognize the principle urged as the preliminary issue by plaintiff, that a direct action is necessary and specific grounds must be alleged in order to annul a judgment affecting a tutor. But here there have been two tutors appointed, and the one brings a suit against the other in possession of the property, and the persons of the minors to get possession of the same. To this suit the answer is made by defendant that he is the testamentary tutor of said children, and as such is anxious and willing to qualify, and he prays that he be quieted in his possession as executor, and declaring him as tutor to be entitled to retain the control of the persons of said minors.
The issue as to who is entitled to the tutorshi p is squarely presented so that we can determine who is the legal tutor, and we are not disposed, in exceptional cases like the present, to sacrifice substance for form, as expressed by the lower judge, and dismiss the case in order that a direct action may be brought by the respondent to set aside and annul the appointment of Peter J. Farrelly, the plaintiff.
It seems that the letters of tutorship to Peter J. Farreily had been inadvertently issued after the death of Mrs. Farrelly and the probate of her will. All these matters were before the same judge, who, in tutorships, must often exercise a wise discretion in the management of the affairs of minors. It seems that in this case, to save the estate of the minors from protracted and useless litigation, he has exercised a sound judgment in deciding that the issues presented can be solved in this proceeding.
Peter J. Farrelly failed to qualify as tutor during the life of Mrs. Farrelly. Her consent to his confirmation as tutor was based on the presumption that he would qualify. She knew that her children must have a tutor, and was she to presume that this plaintiff would qualify as tutor of the children after her death? Peter J. Farrelly having failed to qualify within a reasonable time, it was within the power of Mrs. Farrelly to resume her light as natural tutrix. At her death Peter J. Farrelly’s right to act as tutor ended by the assertion of the right she had to appoint a tutor to her children by testament. In the face of the declaration of the will of Mrs. Farrelly appointing the defendant testamentary tutor, the letters issued to plaintiff and his qualification were absolute nullities.
*1670 Article 271 of the Civil Oode provides that whenever it shall occur that no one will take upon himself the tutorship of the minors, and comply with the existing laws by giving the required security, it shall be the duty of the judge to summon a family meeting, and, with its advice, to nominate a discreet and responsible person in the parish to be tutor and another to be under-tutor.
The plaintiff having failed to qualify within a reasonable time, it was the duty of the judge, in pursuance of said article, to convoke a family meeting, and, with their advice, to appoint a tutor to the minors. The plaintiff neglected to qualify before the death of Mrs. Farrelly, upon whose consent alone he was entitled to the tutorship. In her testament she appointed, in consequence of the default of the plaintiff, a tutor. As the surviving spouse she had the right to appoint the tutor, and having done so, this relieves the judge from the necessity of calling a family meeting, and he was therefore right in. his ruling when he ignored the letters issued to the plaintiff after the death of Mrs. Farrelly, and confirmed the tutor nominated by her.
It is urged, and French authority is quoted (Fuzier-Herman Oode Annoté, Vol. 1, Art. 397, note 4) that it is essential that the last dying father or mother should be invested with the tutorship, and that if either has not accepted the tutorship, or has ceased to discharge its functions, because of the resignation or other reasons, the right is forfeited to designate a testamentary tutor. It is unnecessary to determine whether or not such a principle has been incorporated into our law by the adoption of the present Oode, mainly taken from the Oode Napoleon. It is not found in the Oode, and we have no adjudications on this point. In the instant case, if such a principle were adopted, we do not think it would apply to the facts in this case. The mother, dying last, never neglected the tutorship. In obedience to the wishes of her deceased husband, she joined in the application to have the tutor nominated by him appointed. In thus acting, she did not refuse the tutorship, nor was she appointed tutrix and resigned the trust. We do not think her act was such as to forfeit the nomination of tutor by testament.
It is a right to appoint a tutor by will that is accorded to the husband or wife dying last, and in order to forfeit this right, there must be a clear renunciation of the right, equivalent to an absolute abandonment of interest in the minors’ welfare, or a failure to be *1671 maintained in the tutorship of the children, on a second marriage, of children by the first marriage.
This view of the case, the maintaining of the appointment of the testamentary tutor by the widow Farrelly dispenses with the question raised as to the seizin of the executor. The tutor is also executor, and as tutor he has a right to the administration of the minor’s property.
Judgment affirmed.